**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REYNOLDS INNOVATIONS INC., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:13-cv-486 |
| BILLIE NORRIS, individually and d/b/a "VAPE HUT, INC.," "VAPEHUT II, INC.," and "VAPEHUT.COM"; BRIDGETTE NORRIS, a/k/a "BRIDGET NORRIS" and "BRIDGETTE MEYER," individually and d/b/a "VAPE HUT, INC.," "VAPEHUT II, INC.," and "VAPEHUT.COM"; VAPE HUT, INC. d/b/a "VAPEHUT.COM"; and VAPEHUT II, INC. d/b/a "VAPEHUT.COM," | ) |
| Defendants. | ) |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Reynolds Innovations Inc. ("RII") and Defendants (i) Billie Norris, individually and d/b/a "Vape Hut, Inc.," "Vapehut II, Inc.," and "VAPEHUT.COM"; (ii) Bridgette Norris, a/k/a/ "Bridget Norris" and "Bridgette Meyer," individually and d/b/a "Vape Hut, Inc.," "Vapehut II, Inc.," and "VAPEHUT.COM"; (iii) Vape Hut, Inc. d/b/a/ "VAPEHUT.COM"; and (iv) Vapehut II, Inc. d/b/a "VAPEHUT.COM" (collectively, "Defendants"), have reached a confidential agreement in settlement of the dispute

between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. RII is a North Carolina corporation with a place of business at 401 North Main Street, Winston-Salem, North Carolina.

2. RII is a trademark holding company and subsidiary of R.J. Reynolds Tobacco Company. RII is the owner of distinctive trademarks, including but not limited to trademarks consisting of the word "CAMEL," alone or in conjunction with other words and designs, including depictions of a camel; trademarks consisting of the words "KAMEL RED," alone or in conjunction with design elements or other words; trademarks consisting of the word "WINSTON," alone or in conjunction with design elements or other words; trademarks consisting of the word "KOOL," alone or in conjunction with design elements or other words; and trademarks consisting of the word "SALEM," alone or in conjunction with design elements or other words.

3. RII, through its predecessors-in-interest and affiliates, has used the CAMEL trademarks continuously for 100 years in connection with tobacco products, including but not limited to cigarettes. (For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII's predecessors-in-

interest and/or to RII's corporate affiliates who use the trademarks owned by RII under authority from RII.)

4. Reynolds has registered various versions of its CAMEL marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") under, *inter alia*, U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; 3,211,464; and 3,599,620. U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; and 3,211,464 have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "CAMEL Marks.")

5. Reynolds has used the KAMEL RED trademarks continuously for seventeen (17) years in connection with tobacco products, including but not limited to cigarettes.

6. Reynolds has registered various versions of its KAMEL RED marks on the Principal Register of the USPTO under U.S. Trademark Registration Nos. 2,032,164; 2,057,040; and 2,057,041. Each of these registrations has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "KAMEL RED Marks.")

7. Reynolds has used the WINSTON trademarks continuously for sixty-one (61) years in connection with tobacco products, including cigarettes.

8. Reynolds has registered various versions of its WINSTON marks on the Principal Register of the USPTO under, *inter alia*, U.S. Trademark Registration Nos. 636,355; 1,030,233; 1,742,475; and 2,330,639. Each of these registrations has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "WINSTON Marks.")

9. Reynolds has used the KOOL trademarks continuously for eighty-two (82) years in connection with tobacco products, including cigarettes.

10. Reynolds has registered various versions of its KOOL marks on the Principal Register of the USPTO under U.S. Trademark Registration Nos. 508,538; 747,482; 747,490; and 2,218,589. Each of these registrations has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "KOOL Marks.")

11. Reynolds has used the SALEM trademarks continuously for fifty-seven (57) years in connection with tobacco products, including cigarettes.

12. Reynolds has registered various versions of its SALEM marks on the Principal Register of the USPTO under U.S. Trademark Registration Nos. 637,365; 3,375,848; and 3,486,051. U.S. Trademark Registration No. 637,365 has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience,

the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "SALEM Marks.")

13. As a result of many years of continuous use and promotion of the CAMEL Marks, the KAMEL RED Marks, the WINSTON Marks, the KOOL Marks, and the SALEM Marks, RII's CAMEL Marks, KAMEL RED Marks, WINSTON Marks, KOOL Marks, and SALEM Marks have acquired a high degree of recognition throughout the United States as symbols of the highest quality of tobacco products. The public is uniquely aware of the CAMEL Marks, the KAMEL RED Marks, the WINSTON Marks, the KOOL Marks, and the SALEM Marks, and identifies those marks with Reynolds. The CAMEL Marks, WINSTON Marks, KOOL Marks, and SALEM Marks are famous trademarks that are widely recognized by the general public as a designation of the source of Reynolds's goods.

14. Defendant Billie Norris is (i) an owner of, the president of, and the registered agent for Defendant Vape Hut, Inc., and directs and controls the business activities of Defendant Vape Hut, Inc.; and (ii) an owner and the vice president of Defendant Vape Hut II, Inc., and directs and controls the business activities of Defendant Vape Hut II, Inc.

15. Defendant Bridgette Norris is (i) an owner and the vice president of Defendant Vape Hut, Inc., and directs and controls the business activities of Defendant Vape Hut, Inc.; and (ii) an owner of, the president of, and the registered agent for Defendant Vape Hut II, Inc., and directs and controls the business activities of Defendant

Vape Hut II, Inc.

16. Defendants operate and control the website located at VAPEHUT.COM ("Defendants' Website") through which Defendants advertise, offer for sale, and sell liquid nicotine products called "E-Liquid," and other products associated with electronic cigarettes.

17. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the CAMEL Marks, or colorable imitations of the CAMEL Marks that are confusingly similar to the CAMEL Marks.

18. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the KAMEL RED Marks, or colorable imitations of the KAMEL RED Marks that are confusingly similar to the KAMEL RED Marks.

19. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the WINSTON Marks, or colorable imitations of the WINSTON Marks that are confusingly similar to the WINSTON Marks.

20. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the KOOL Marks, or colorable imitations of the KOOL Marks that are confusingly similar to the KOOL Marks.

21. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the SALEM Marks, or colorable imitations of the SALEM Marks that are confusingly similar to the SALEM Marks.

22.  On June 17, 2013, RII commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants. The Complaint alleged claims for trademark infringement, unfair competition and false designation of origin, and trademark dilution arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; unfair or deceptive trade practices arising under N.C. Gen. Stat. §§ 75-1 *et seq.*; and trademark infringement and unfair competition arising under the common law of the State of North Carolina.

23.  The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendants to RII of a confidential amount of money.

24.  Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over RII's claims against Defendants. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

25.  This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district. Defendants own and operate the website located at VAPEHUT.COM, which is an interactive website that is accessible by Internet users in this district and offers goods to residents of North Carolina. The infringing products that Defendants offer under the CAMEL Marks, or colorable imitations thereof; the KAMEL RED Marks, or colorable imitations thereof; the WINSTON Marks, or colorable imitations thereof; the KOOL

Marks, or colorable imitations thereof; and the SALEM Marks, or colorable imitations thereof, and make available through Defendants' Website to purchasers in the United States, are capable of being ordered, and have been ordered, by purchasers in North Carolina and within this judicial district, and are capable of being shipped, and have been shipped, to purchasers in North Carolina and within this judicial district.

26. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants and their agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants or any of them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

    a) using, advertising, promoting, displaying, or making any use whatsoever, in connection with the advertisement, promotion, or sale of tobacco, tobacco-related products, vapor products or vapor-related products, electronic cigarettes or products related to electronic cigarettes, liquid nicotine products, or flavored nicotine products, of (i) the designation "CAMEL," the designation "KAMEL," or any colorable imitation of the CAMEL Marks or the KAMEL RED

Marks (including but not limited to the designation "CML"); (ii) visual or graphic depictions of a camel or of camels; (iii) the designation "WINSTON," or any colorable imitation of the WINSTON Marks (including but not limited to the designations "WESTON" and "Wensten"); (iv) the designation "KOOL," or any colorable imitation of the KOOL Marks (including but not limited to the designation "Cool"); (v) the designation "SALEM," or any colorable imitation of the SALEM Marks (including but not limited to the designation "SAM Mint"); and (vi) the following Reynolds trademarks or any colorable imitations thereof: BARCLAY, BELAIR, CAPRI, CARLTON, DORAL, ECLIPSE, GPC, LUCKY STRIKE, MISTY, MONARCH, MORE, NOW, PALL MALL, TAREYTON, VANTAGE, VICEROY, and VUSE;

b) engaging in any other activity constituting an infringement of RII's trademarks; and

c) using any false designation of origin or false representations which are likely to lead the trade, the public, or individuals to believe erroneously that Defendants, or any one of them, are in any way sponsored, approved, authorized, or controlled by Reynolds.

2. Defendants shall pay to RII the confidential amount of money agreed upon by the parties.

3. RII and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel of their choice. RII and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Defendants' obligations set forth in this Consent Judgment, RII's claims against Defendants in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court may award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate RII for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the _____ day of _____, 2013.

_____
United States District Judge

[SIGNATURES OF THE PARTIES APPEAR ON THE FOLLOWING PAGE]

**CONSENTED AND AGREED TO BY:**

PLAINTIFF:

**REYNOLDS INNOVATIONS INC.**

Signature: _Michael J Madigan_

Printed Name: _Michael J. Madigan_

Title: _Secretary_

Date: _9/6/13_

DEFENDANTS:

**BILLIE NORRIS**

Signature: _Billie Norris_

Date: _8/26/2013_

**BRIDGETTE NORRIS**

Signature: _Bridgette Norris_

Date: _8/26/13_

**VAPE HUT, INC.**

Signature: _Bridgette Norris_

Printed Name: _Bridgette Norris_

Title: _Owner/partner_

Date: _8/26/13_

**VAPE HUT II, INC.**

Signature: _Bridgette Norris_

Printed Name: _Bridgette Norris_

Title: _Owner/partner_

Date: _8/26/13_